WILLIAM B. COOPER, PETITIONER-DEFENDANT, v. CITIES SERVICE OIL COMPANY, RESPONDENT-PROSECUTOR.

Submitted May 6, 1947—Decided October 20, 1947.

Before Justices Donges, Colie and Eastwood.

For the prosecutor, *John W. Taylor*.

For the defendant, *David T. Wilentz* (*Christian J. Jorgenson,* of counsel).

The opinion of the court was delivered by

Colie, J.   This is a workmen's case in which the sole question for determination is the *quantum* of the award for permanent disability.

William B. Cooper, an employee of Cities Service Oil Company, sustained accidental injury arising out of and in the course of his employment.   After final hearing in the Workmen's Compensation Bureau, the deputy commissioner found that there was a 100% loss of the right eye and a 10% loss of the left eye, entitling the employee to an award of 55% of total permanent disability therefor, and in addition he found that there was a neurosis amounting to 5% of total permanent.   These findings were incorporated in an award of 60% of total permanent or 300 weeks.   On the employer's appeal, the Middlesex County Court of Common Pleas affirmed, whereupon the employer sued out a writ of *certiorari*.

*R. S.* 34:15–12 (s) provides that for the loss of an eye, a workman shall receive sixty-six and two-thirds per cent. of daily wages during 100 weeks.   *R. S.* 34:15–12 (v) provides that the loss of both eyes constitutes total and permanent disability.   *R. S.* 34:15–12 (w), so far as pertinent to the present case, reads: "In all lesser or other cases involving permanent loss, or where the usefulness of a member or any physical function is permanently impaired, the compensation shall be sixty-six and two-thirds per cent. of daily wages, and the duration of compensation shall bear such relation to the specific periods of time stated in the above schedule as the disabilities bear to those produced by the injuries named in the schedule."   This provision, with some slight alterations in the wording which in nowise effect any change in the

meaning, became a part of the Workmen's Compensation Act in 1913 by the passage of chapter 174 of the laws for that year amending section 11 of chapter 95, laws of 1911. Two years after the amendment, the Supreme Court in *Vishney* v. *Empire Steel and Iron Co.,* 87 *N. J. L.* 481, in reversing the Common Pleas in a situation where there was a loss of eighty per cent. of each eye, held that compensation should be awarded to the extent of eighty per cent. of total permanent disability. In *Orlando* v. *Ferguson & Son,* 90 *Id.* 553, the Court of Errors and Appeals approved the decision in *Vishney* v. *Empire Steel, &c., supra,* so far as the underlying principle was concerned. In the *Orlando Case* there was a fifty per cent. loss of usefulness of each hand and a ten per cent. loss of the use of one eye. Parenthetically, we point out that there is no difference in principle between the cited case, involving partial permanent injuries to two hands and one eye, and the instant case involving partial permanent injuries to one eye and to the nervous system and total loss of the other eye.

The Court of Errors and Appeals in the *Orlando Case* said: "that in the case of a partial but permanent loss of the usefulness of * * * both eyes * * * compensation shall bear such relation to compensation for total and permanent disability as the partial but permanent disabilities collectively bear to total and permanent disability.

"It follows, therefore, that when the trial judge found that there was a fifty per cent. loss of the usefulness of each hand, and a ten per cent. loss of the usefulness of one eye, he should then have found what percentage of total and permanent disability the combination of fifty per cent. loss of the usefulness of two hands and ten per cent. of one eye made, and should have awarded that percentage of four hundred weeks. It is not strictly a mathematical problem. It is not to be solved by adding up the fractional parts, but upon the basis of the percentage of total and permanent disability reasonably found to be produced by the several injuries considered collectively and with due regard to their cumulative effect."

Despite the purport of the sentence last above quoted, the deputy commissioner and the Common Pleas Judge added

the amount of compensation payable for total loss of one eye and a percentage of loss of the other eye and took the mean as the extent of the disability due to loss of vision and added thereto the percentages of disability due to other injuries. This we deem an erroneous method. The correct method as laid down in *Orlando* v. *Ferguson, supra,* requires that the separate disabilities be considered "collectively and with regard to their cumulative effect." This might be done by remanding the matter to the Common Pleas but in view of the fact that the same record is before us as would be before the Pleas, we think that court in no better position to fix the extent of total permanent disability than are we.

The total loss of vision in one eye, a ten per cent. loss in the other eye, coupled with five per cent. due to a neurosis and the loss of seven teeth is not necessarily the sum of the separate disabilities. The word "cumulative" means becoming larger by separate additions, but it does not follow that the accumulation must be the total of the separate items. Many factors enter into the calculation, among others the type of work for which the individual is qualified. Here we are not dealing with a workman whose earning capacity is dependent upon the acuteness of vision such as an engraver, but one whose occupation is that of a watchman. The work performed by a watchman is not skilled and we find that the cumulative effect of the injuries sustained in this case amounts to forty per cent. of total permanent disability.

The judgment under appeal is reversed, and the cause remanded to the Court of Common Pleas to the end that judgment may be entered in accordance herewith. No costs are allowed.